MOORING *v.* WARDELL & WHITTON ROAD MAINTENANCE DISTRICT No. 2.

Opinion delivered December 16, 1929.

*Chas. E. Sullenger,* for appellant.
*A. F. Barham* and *Horace Sloan,* for appellee.

HUMPHREYS, J. This suit was brought by appellant, a landowner and taxpayer in the Wardell & Whitton Road Maintenance District No. 2, in Mississippi County, Arkansas, for herself and all other landowners and taxpayers therein, against appellees, attacking the validity of the district upon the alleged ground that the organization thereof was beyond the jurisdiction of the county court, because organized under the general road maintenance district law, act No. 69, 1919 (Crawford & Moses' Digest, §§ 5463-88), which, it was alleged, had been repealed by special act No. 238, 1920, creating the Wardell & Whitton Road Improvement District No. 2, embracing the same lands;. and that the latter act itself contained a provision to the effect that the district should not cease when created, but that the district and the powers of the commissioners should continue for the purpose of continuously maintaining the improvement. The prayer of the complaint was that the assessment of benefits and taxes levied thereon be canceled as a cloud upon the title to her real estate within the district, and that the commissioners of the district be permanently enjoined from exercising any powers as commissioners under their appointment.

Appellees filed an answer, denying that the effect of act No. 238, Ex. Sess. 1920, creating Wardell & Whitton Road Improvement District No. 2, was to make act No. 69, 1919 (Crawford & Moses' Digest, §§ 5463-88), inapplicable to said district, or that the effect of the latter act was to repeal the provisions of act No. 69, 1919, so far as they might relate to the Wardell & Whitton Road Improvement District No. 2, and that it was not within the jurisdiction of the county court to organize the Wardell & Whitton Road Maintenance District No. 2 under the provisions of act No. 69, 1919 (Crawford & Moses' Digest, §§ 5463-88).

Further answering, appellees stated, in substance, that the maintenance clause in act No. 238, creating the original special district, was insufficient to make the nec-

essary repairs and maintain the improvement, and that the commissioners had passed resolutions relinquishing all authority to make repairs or maintain the improvement under the special act creating the district, and had employed attorneys to organize the maintenance district under act No. 69, 1919, for repairing and maintaining the original improvement.

Appellant filed a demurrer to the answer, which was overruled by the court. She refused to plead further, and announced that she would stand upon her complaint and demurrer to the answer, whereupon the court dismissed her complaint for the want of equity, from which is this appeal.

The question presented by the appeal is whether the maintenance clause in special act No. 238, 1920, creating the original Wardell & Whitton Road Improvement District No. 2, repealed the operation of the general maintenance district law enacted in 1919 by the Legislature. The act referred to is act No. 69, 1919, and appears in Crawford & Moses' Digest as §§ 5463-88, inclusive. Act No. 238, Ex. Sess. 1920, did not expressly repeal all or any part of act No. 69, 1919, and we are unable to discover an invincible repugnancy between the two acts. The purpose of the maintenance clause in act No. 238, Ex. Sess. 1920, was to authorize the commissioners to keep the road as completed in good repair; whereas the purpose of act No. 69, 1919, was to authorize the organization of a road maintenance district, not only to keep the road as completed in good repair, but to improve the character of the road, if necessary. For example, if the original road was a completed dirt road, by proceeding under act No. 69, 1919, the district might be organized to surface the original road with gravel. Such was the construction placed upon act No. 69, 1919, in the case of *Cowan* v. *Thompson,* 178 Ark. 44, 9 S. W. (2d) 790. Since the authority conferred by act No. 69, 1919, is broader than that conferred under the maintenance clause of act 238, Ex. Sess. 1920, the two acts are not irreconcilably inconsistent, and either might

be invoked, dependent upon the wishes of the property owners therein as to the character of repairs to be made. The Legislature clearly did not intend to substitute the latter act for the first, else it would not have limited the repairs which might be made under the latter act to keeping and maintaining the improvement in its completed condition. In arguing that the latter act repealed the first by implication, it is said otherwise two boards would exist exercising the same powers and performing the same duties, and both levying the same assessment of benefits for the same purpose. Such a conflict in jurisdiction will not result. Both having jurisdiction, the first assuming same will retain it. No such conflict has arisen in the instant case. The demurrer to the answer concedes that the commissioners appointed under act 238, 1920, are not attempting to function, but, on the contrary, assisted in organizing the district, now attacked, for the purpose of repairing and maintaining the original road. The maintenance clause in act 238, Ex. Sess. 1920, was clearly an auxiliary and cumulative remedy extended to property owners to maintain the road in its completed condition if they did not desire to improve the character of the original improvement. The act itself did not extend exclusive jurisdiction to the commissioners to make or maintain the repairs on the original road. Act 69, 1919, applies expressly to special road improvement districts, whether previously or thereafter created. The act does not limit its operation to districts having no power of their own to repair the road. It refers to all special act road improvement districts alike.

No error appearing, the decree is affirmed.